

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

HANAD ABDI and JOHAN BARRIOS RAMOS,
on behalf of himself and all other similarly situated,

          Petitioners,

v.

KEVIN MCALEENAN,[1] in his official capacity as Acting Secretary of U.S. Department of Homeland Security; THOMAS BROPHY, in his official capacity as Acting Director of Buffalo Field Office of Immigration and Customs Enforcement; JEFFREY SEARLS, in his official Capacity as Acting Administrator of the Buffalo Federal Detention Facility; and WILLIAM BARR,[2] in his official capacity as Attorney General of the United States,

          Respondents.

**DECISION AND ORDER**

1:17-CV-00721 EAW

---

## **BACKGROUND**

Petitioners Hanad Abdi and Johan Barrios Ramos brought this action seeking relief on behalf of themselves individually and on behalf of a proposed class of similarly situated asylum-seekers held at the Buffalo Federal Detention Facility in Batavia, New York (the "Batavia facility"). (Dkt. 17). On November 17, 2017, the Court issued a Decision and Order denying Respondents' motion to dismiss and granting Petitioners' motion for a

---

[1]    Kevin McAleenan is the current Acting United States Secretary of Homeland Security. Accordingly, he is substituted as a respondent in this action. *See* Fed. R. Civ. P. 25(d).

[2]    William Barr is the current United States Attorney General. Accordingly, he is substituted as a respondent in this action. *See* Fed. R. Civ. P. 25(d).

- 1 -

preliminary injunction. (Dkt. 56). The Court ordered Respondents to immediately adjudicate or readjudicate the parole applications of all members of the putative class of asylum-seekers detained at the Buffalo facility in conformance with their legal obligations, including their obligations under ICE Directive No. 11002.1: *Parole of Arriving Aliens Found to Have a Credible Fear of Persecution or Torture* (Dec. 8, 2009). (*Id.* at 65). The Court also ordered Respondents to provide individualized bond hearings to members of the putative subclass who have been detained for six months or more, as required by 8 U.S.C. § 1225(b). (*Id.* at 66).

On December 7, 2017, the Court held oral argument to address Petitioners' then-pending motion for class action certification. (Dkt. 62; *see* Dkt. 19). At the conclusion of the motion hearing, the Court required Respondents to give notice to proposed class counsel as soon as a bond hearing was scheduled and to provide the same counsel with a list of all putative class members. (*See* Dkt. 75 at 31-34). The Court subsequently granted Petitioners' motion for class certification on December 19, 2017 (Dkt. 66), certifying a class of "[a]ll arriving asylum-seekers who have passed a credible fear interview and who are or will be detained at the Buffalo Federal Detention Facility and who have not been granted parole," as well as a subclass of "[a]ll arriving asylum-seekers who are or will be detained at the Buffalo Federal Detention Facility, have passed a credible fear interview, and have been detained for more than six months without a bond hearing before an immigration judge," (*id.* at 23).

On February 9, 2018, the Court issued another Decision and Order, clarifying "that once an [immigration judge ('IJ')] has determined that a detainee should be released on

bond, he or she must consider the financial circumstances of each subclass member and alternative conditions of release in setting the amount of bond". (Dkt. 83 at 29). As a result, the Court ordered that "bond hearings must be recalendared and the record reopened" for any subclass member "who remain[ed] detained notwithstanding an IJ's determination that release on bond would be appropriate," so that "alternative conditions of release and the individual's ability to pay" are considered. (*Id.*). The Court also required Respondents to notify Class Counsel "of the date and location of each bond hearing . . . at least five days in advance of the hearing." (*Id.*).

On February 27, 2018, the Supreme Court issued a decision in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), which held, among other things, that 8 U.S.C. § 1225(b) does not contain an implicit six-month time limit on the detention of an alien seeking entry into the United States. *See id.* at 842-846. On October 31, 2018, Respondents filed a motion to vacate that part of the Court's preliminary injunction requiring that individualized bond hearings be held for all members of the subclass. (Dkt. 91). Respondents seek this relief based upon their interpretation of *Jennings*. (Dkt. 91-1 at 8-11). On December 13, 2018, Respondents filed a motion to decertify the subclass. (Dkt. 102). Although Respondents address several issues in their motion papers, the *Jennings* decision appears to be the impetus for this motion as well. (*See* Dkt. 102-1 at 8-12, 15-16). Petitioners oppose both motions. (Dkt. 99; Dkt. 121).

Respondents' pending motions are scheduled to be argued on May 15, 2019. (Dkt. 123). While those pending motions were being briefed—on March 18, 2019—Petitioners filed a motion to enforce the preliminary injunction and class reporting order. (Dkt. 122).

Petitioners contend that Respondents are not taking appropriate measures to comply with the Court's prior orders. (Dkt. 122-1). Petitioners request that the Court grant limited discovery relating to Respondents' current procedures used in complying with the preliminary injunction, mandate additional reporting and disclosure conditions, require Respondents to hold bond hearings for all applicable class members no later than 195 days after their initial immigration detention and provide notice to all parties no later than two weeks before the scheduled hearing date, and direct Respondents to issue a directive informing immigration authorities of their responsibilities under the Court's prior orders. (*See* Dkt. 122-7). Respondents oppose Petitioners' motion. (Dkt. 127).

Having reviewed the parties' submissions, the Court finds that Respondents' refusal to engage in a discussion with Petitioners concerning the admitted violations of this Court's Orders is unreasonable. (*See* Dkt. 122-2 at 6 (Petitioners' counsel requesting to "speak with the person(s) collecting information for the monthly class report" and for Respondents to identify "what steps [they] plan to take to verify and correct the ongoing [preliminary injunction] violations"), 8 (Respondents' counsel indicating that they "don't believe it's necessary for you to communicate directly with agency client representatives" and that they "think communication with us is best done over email"), 16 (Petitioners' counsel requesting to speak over the telephone and noting that these "meet-and-confer conversations over email, stretched out for days and weeks," have not been productive)). The unreasonableness of Respondents' position is only amplified by the fact that there is no dispute that Respondents have failed to comply with the requirements imposed by this Court. (*See* Dkt. 127 at 5 (conceding that there have been occasions when subclass

members were not included on the monthly class lists)). As a result, the Court concludes that it is unnecessary to await the scheduled oral argument date before granting the requested relief of a deposition.

Accordingly, for the following reasons, Petitioners' motion (Dkt. 122) is granted to the extent that Respondents are hereby ordered to produce a witness or witnesses for deposition within thirty (30) days of this Court's Decision and Order who has personal knowledge of the methodology being used by Respondents to identify and report class members and who can testify concerning any changes made or that will be made by Respondents to address the recurring errors in the identification of class members. The Court otherwise reserves decision on the remaining aspects of the motion and all parties shall plan on addressing those remaining aspects of the motion at the upcoming oral argument scheduled for May 15, 2019.

## DISCUSSION

"Federal courts have broad discretion to fashion remedies as equity requires, to ensure compliance with their orders." *Cordius Tr. v. Kummerfeld Assocs., Inc.*, 658 F. Supp. 2d 512, 524 (S.D.N.Y. 2009); *see Nat'l Law Ctr. on Homelessness & Poverty v. U.S. Dep't of Veterans Affairs*, 842 F. Supp. 2d 127, 131 (D.D.C. 2012) ("[W]hen it comes to a court's enforcement and monitoring of its own orders, the court is the judge and jury."). This is so even in the absence of contempt. *United States v. Visa U.S.A., Inc.*, No. 98 CIV. 7076 (BSJ), 2007 WL 1741885, at *12 (S.D.N.Y. June 15, 2007) (citing *Berger v. Heckler*, 771 F.2d 1556, 1569 (2d Cir. 1985)). "The Court has the relevant authority 'as part of its inherent power to enforce its judgments,' and it is clear that 'appropriate discovery should

be granted' where 'significant questions regarding noncompliance [with a court order] have been raised.'" *Damus v. Nielsen*, 328 F.R.D. 1, 3-4 (D.D.C. 2018) (quoting *Cal. Dep't of Social Servs. v. Leavitt*, 523 F.3d 1025, 1033-34 (9th Cir. 2008)); *see Blackberry Ltd. v. Typo Prod. LLC*, No. 14-CV-00023-WHO, 2014 WL 4136586, at *5 (N.D. Cal. Aug. 21, 2014) (authorizing several discovery requests, including depositions, "in light of the serious questions raised regarding [the defendant]'s possible violations of the preliminary injunction"); *see also Palmer v. Rice*, 231 F.R.D. 21, 25 (D.D.C. 2005) (permitting "post-judgment discovery" where the "plaintiffs will not be able to determine whether the government has complied with the court's injunctions"); *see generally Campaign for S. Equal. v. Bryant*, 197 F. Supp. 3d 905, 914 (S.D. Miss. 2016) (stating that "plaintiffs are entitled to reasonable discovery to enforce an injunction against the parties bound by that injunction").

In filing their motion, Petitioners address various instances of purported noncompliance with this Court's preliminary injunction and class reporting orders. The remedies Petitioners seek are ultimately intended to ensure that Respondents timely hold individualized bond hearings for all identifiable subclass members and that all participants to those proceedings are provided sufficient notice and an adequate time to prepare without necessitating further delay. Respondents state that they maintain a goal of providing individualized bond hearings within 195 days of a subclass member's initial immigration detention. (Dkt. 127 at 4, 7; Dkt. 127-2 at ¶ 7). However, Respondents are under court order to provide *timely* bond hearings. While the Court's preliminary injunction did not specify an exact date at which time the hearing must be held after the six-month

demarcation, it should be self-evident that once an asylum-seeker, who is otherwise qualified as a member of the subclass, has been detained for over six months, he or she is *immediately entitled* to a bond hearing pursuant to the Court's preliminary injunction. Moreover, the six-month time period runs from the date a class member is taken into custody, regardless of whether the detainee is being held at the Batavia facility. The Court is deeply troubled that as recently as last month, government counsel continued to express confusion over this basic proposition. (*See* Dkt. 128-2 at ¶ 5).

Absent evidence of extenuating circumstances—which has not been presented here—the act of scheduling bond hearings several weeks or, in some cases, months beyond that six-month time limitation does not comport with this Court's injunction. It goes without saying that Respondents' opinion of the vitality of the Court's preliminary injunction post-*Jennings* does not justify ignoring a duly-issued court-ordered injunction. In other words, Respondents are certainly entitled to challenge the Court's preliminary injunction by appealing that decision or moving to vacate the injunction—but they are not entitled to simply disregard the Court's Orders. Accordingly, the following relief is granted pursuant to the Court's inherent authority to monitor and enforce its prior orders.

Specifically, Petitioners request the Court to order Respondents to produce a witness for deposition to determine what process is in place to identify subclass members and how those procedures can be improved, if at all, to remedy the shortfalls identified in their motion papers. While Respondents contend that a deposition is unnecessary in light of the declarations submitted in opposition to Petitioners' motion (Dkt. 127 at 5 n.3), these declarations provide only cursory insight into Respondents' current procedures and do not

respond to Petitioners' concerns that some subclass members are being missed. In other words, the several-paragraph descriptions of Respondents' process fail to address Petitioners' well-supported belief that these procedures are deficient. *See also Nat'l Law Ctr. on Homelessness & Poverty*, 842 F. Supp. 2d at 131 ("Equity would not be achieved if a court decided simply to rubber-stamp an enjoined party's unsupported self-assessment of its compliance with a court order."). Respondents' inadequate explanation is only compounded by their failure to engage in a meaningful discussion with Petitioners in an attempt to rectify these failures. (*See* Dkt. 122-2 at 5-18).

Petitioners' ability to identify subclass members is critical to the operation of the Court's preliminary injunction, and thus, Respondents' inability to accurately provide a monthly list to class counsel is troubling regardless of whether Respondents' failure to do so is deliberate or unintentional. Accordingly, the Court grants Petitioners' request for limited discovery based on its inherent authority to enforce the preliminary injunction and class reporting orders, and requires Respondents to produce a witness or witnesses for deposition within thirty (30) days of this Court's Decision and Order who has personal knowledge of the methodology being used by Respondents to identify and report class members and who can testify concerning any changes made or that will be made by Respondents to address the recurring errors in the identification of class members. The Court otherwise reserves decision on the remaining aspects of the motion and all parties shall plan on addressing those remaining aspects of the motion at the upcoming oral argument scheduled for May 15, 2019.

## CONCLUSION

For the foregoing reasons, Petitioners' motion to enforce the preliminary injunction (Dkt. 122) is granted to the extent that Respondents are hereby ordered to produce a witness or witnesses for deposition within thirty (30) days of this Court's Decision and Order who has personal knowledge of the methodology being used by Respondents to identify and report class members and who can testify concerning any changes made or that will be made by Respondents to address the recurring errors in the identification of class members. The Court otherwise reserves decision on the remaining aspects of the motion and all parties shall plan on addressing those remaining aspects of the motion at the upcoming oral argument scheduled for May 15, 2019.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: April 30, 2019
Rochester, New York